[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13419

_____

D. C. Docket No. 03-01422-CV-ORL-31DAB

YOUR DREAMS, INC.,
d.b.a. Club Goddess,

Plaintiff-Appellant,

versus

CITY OF PALM BAY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 24, 2006)**

Before EDMONDSON, ANDERSON and FAY, Circuit Judges.

ANDERSON, Circuit Judge:

This case involves a unique factual situation, which is further complicated

by the failure of the parties to articulate clear positions and arguments. We acknowledge considerable difficulty deciphering the precise rationale of the district court, which is entirely understandable in light of the often changing (even inconsistent) and poorly articulated positions adopted by the parties as the litigation developed. The district court noted that plaintiff did not clearly articulate a prior restraint claim until its post-trial closing brief.[1] Although the district court may have been entitled to decline to entertain the argument at all, the district court apparently did entertain a very limited version of the argument. We likewise restrict our review to that very limited claim. The district court seemed to address a claim that the City's conduct constituted a prior restraint in that the City's officers on October 2, 2003, precluded more dance activity than the officers were legally entitled to prohibit. The district court rejected that claim on the facts. The district court found that "the City's warning was fairly straightforward; in essence: if you engage in (or allow) dancing in the Club which in any way fits within the scope of adult entertainment under the Code, then the 1995 settlement notwithstanding, you will be arrested." Order at 10. The district court found that

---

[1]   The plaintiff failed to prove a breach of contract claim, and indeed expressly disavowed making any breach of contract claim (e.g., based on the theory that the City was not justified under Florida law in declaring the 1995 agreement breached and no longer binding on the City). The contract issue is apparently the subject of a pending state court lawsuit. The plaintiff also disavowed any challenge to the constitutionality of the Code itself.

2

the City's "conduct was merely enforcement within the legitimate scope of the Code." Order at 11. In other words, the district court found that the City's action constituted legitimate enforcement of its Adult Entertainment Code.

The record reveals a stark contrast between the version of the events on October 2, 2003, as reported by plaintiff's witnesses and that reported by the City's witnesses. The plaintiff's witnesses insisted that the officers prohibited any dancing at all, while the officers testified that they communicated only that adult entertainment as defined in the Code (which they handed out) was prohibited. After carefully reviewing the entire trial record, we cannot conclude that the district court erroneously resolved that credibility choice. We note that the officers' version is supported by the City's September 30, 2003, letter and by the handout given to management and the dancers on October 2, 2003.

Although earlier in the litigation below, the plaintiff seemed to assert a claim that the manner of the City's conduct converted the communication of its legitimate message into a prior restraint,[2] the plaintiff's case at trial focused on the more limited issue discussed above – i.e., that the officers precluded more dance

---

[2] "Before trial, it appeared possible the Club could prove that, at the Grand Reopening Event, City agents entered the Club in an overwhelmingly disruptive manner and issued a threat, which effectively and unreasonably restrained a large swath of First Amendment protected expression." Order at 9.

activity than they were entitled to prohibit. The plaintiff's post-trial closing argument brief had a similar focus. Significantly, at the subsequent oral argument, the district court restated the plaintiff's position as follows: "But to accept your position on that, I have to find as a matter of fact that the City's conduct indeed had the effect, at least, of prohibiting all forms of dancing." Docket 117 at 8. The plaintiff did not dispute the district court's understanding of its claim. Finally, the district court's final order resolved only that very limited issue, finding that the City's "conduct was merely enforcement within the legitimate scope of the Code." Order at 11. Our careful review of the record and the plaintiff's arguments in the district court persuades us that the district court was warranted in thus limiting the issues. Accordingly, we too decline to address a broader claim that the City's conduct on October 2, 2003, converted the communication of its legitimate message into a prior restraint.[3]

Because we cannot disagree with the district court's resolution of the limited issue which was ultimately litigated, the judgment of the district court is

AFFIRMED.

---

[3] Although we expressly decline to address that broader claim, we do note that the officers (four plain-clothes officers and one in uniform) testified that they conversed briefly with the Club management at the front door, and then repaired immediately to a back room where they communicated their message (i.e., that adult entertainment was not permissible at that location and that the 1995 agreement was no longer valid). They also testified that the communications were cordial and out of view of the public areas of the Club. We also note that the district court seemed to credit the testimony of the officers.